PEOPLE ex rel. MORAN v. SNIFFIN et al.

(Supreme Court, Appellate Division, Second Department. January 13, 1908.)

1. ELECTIONS—BALLOTS—INDICATION OF CHOICE BY VOTER.

A ballot having a cross in the circle at the head of the Independent column and a cross in front of the name of a candidate in the Republican column is properly counted for the candidate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 155.]

2. SAME.

A ballot had a cross in the circles at the head of the Democratic and Republican columns and a cross in front of the name of the Democratic candidate for village trustee. There were two other offices to be filled, and there was a cross in front of the names of each Republican candidate for the two offices and a cross in front of the name of one of the Democratic candidates. Held, that the ballot was not void on the ground that it was marked by the voter to enable his ballot to be identified, but should be counted for the Democratic candidate for trustee.

Appeal from Special Term, Westchester County.

Action by the people, on the relation of James H. Moran, against Elliott H. Sniffin and others, as inspectors of election for the Fourth Ward of the village of White Plains and as clerk of said village. From an order passing on the validity of ballots cast at an election of officers of the village of White Plains, the relator appeals. Modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

William N. Dykman, for appellant.

Henry R. Barrett (Charles H. Young, on the brief), for respondent Floy D. Hopkins.

GAYNOR, J. Mr. Hopkins and Mr. Moran were opposing candidates for the office of trustee of the village, the former on the Republican and the latter on the Democratic ticket. Fifteen ballots, marked from 1 to 15, were passed upon by the learned justice below. Nos. 1 and 4 were held to be void without dispute, and there is no appeal in respect of them. Nos. 5 to 11, inclusive, were decided to have been properly counted for Mr. Hopkins, and Nos. 12 to 15, inclusive, were decided to have been properly counted for Mr. Moran. This we affirm. The claim as to each that the cross in the circle at the head of the column is not made as prescribed by the statute, but a mark by the voter to enable his ballot to be identified, is not tenable. Each presents a case of clumsy fingers, poorly guided, very likely, by poor eyesight, making the cross as well as they could.

There remain only ballots Nos. 2 and 3. They were both returned as void by the inspectors. No. 2 was decided to be void by the learned justice below, on the ground that the intention of the voter in respect of the office in question could not be determined from it, and No. 3 he counted for Mr. Hopkins. The latter has a cross in the circle at the head of the Independent column and a cross in front of Mr. Hopkins' name in the Republican column. The decision that it be counted for Mr. Hopkins is correct. The decision that ballot No. 2 is void was erroneous. It has a cross in the circle at the head of the Democratic column and also in the circle at the head of the Republican column, and also a cross in front of the name of Mr. Moran in the Democratic column. This latter mark does away with the lack of intention which resulted from the cross in both circles at the head of the columns, and shows the intention of the voter to vote for Mr. Moran. There were two other offices to be filled, viz., that of two water commissioners. There is a cross in front of the name of each of the Republican candidates therefor in the Republican column, and also a cross in front of the name of one of the Democratic candidates therefor in the Democratic column. Taking all those things into consideration, the ballot was not void as marked by the voter to enable his ballot to be identified. Such blunders cannot be construed to that effect.

The order appealed from is affirmed, except that it is reversed in respect of the ballot marked No. 2, and it is ordered that that ballot be counted as giving one vote to Mr. Moran.

Order modified, so that ballot No. 2 is counted as one vote for Mr. Moran, and, as thus modified, affirmed, without costs. All concur.